JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**     **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**      **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.**)

**III.**     **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**     **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**      **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**     **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**ADAMO FERREIRA, ESQ LLC**
**85 MAIN STREET, SUITE 305**
**HACKENSACK, NEW JERSEY 07601**
**NJ ATTORNEY ID NO.: 018062006**
**(201) 248-3058 (direct dial)**
**(201) 343-1233 (fax)**
**ferreiad@gmail.com (email)**
**ATTORNEY FOR PLAINTIFFS, MICHAEL KAPLON and SANDRA ROSENTHAL-KAPLON**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL KAPLON and SANDRA ROSENTHAL- KAPLON,**<br><br>                          Plaintiff(s),<br><br>vs.<br><br>**HARVEY CEDARS TOWNSHIP, HARVEY CEDARS POLICE DEPARTMENT, CHIEF OF POLICE ROBERT BURNAFORD, SERGEANT FREZEE OF THE HARVEY CEDARS TOWNSHIP POLICE, POLICE OFFICER ABBATEMARCO OF THE HARVEY CEDARS POLICE DEPARTMENT, POLICE OFFICER D'ANDREA OF THE HARVEY CEDARS POLICE DEPARTMENT, LONG BEACH TOWNSHIP, LONG BEACH TOWNSHIP POLICE DEPARTMENT, LONG BEACH TOWNSHIP CHIEFS OF POLICE, MAHON AND DEELEY, LIEUTENANT BERNART OF THE LONG BEACH TOWNSHIP POLICE, MELODY BERNHART, and JOHN DOES 1-10.**<br>                          Defendant(s). | CASE NO.:<br><br>Civil Action<br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT & JURY DEMAND** |

1

Plaintiffs, Michael Kaplon and Sandra Rosenthal-Kaplon, by their attorneys, ADAMO FERREIRA, ESQ. LLC, complaining of the Defendants, respectfully says:

<u>**STATEMENT OF CLAIMS**</u>

1.  Plaintiffs seek money damages and equitable relief from Defendants for violating their constitutional rights. They also bring forward supplemental state law claims for violations of New Jersey laws.

2.  Plaintiffs were the victims of discrimination, false arrest, false imprisonment, civil rights violations and excessive force by Defendants who planned and premeditated revenge through the color of authority by, *inter alia*, entering the dwelling of the Plaintiffs without a warrant twice in one day and threatening and using physical force, without any regard for the sanctity of the home, to investigate a purported petty disorderly persons offenses, once to "investigate" Sandra Rosenthal-Kaplon and once to "investigate" Michael Kaplon, in violation of the Fourth Amendment to the United States Constitution, and New Jersey State tort laws.

3.  Plaintiffs sue under the Federal Civil Rights Act, 42 U.S.C. § 1983, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2.

4.  Plaintiffs have served timely notice of his state law claims as required under the New Jersey Tort Claims Act, N.J.S.A. 59:8-8.

## JURISDICTION

5.   This Court has jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. §§ 1981, 1983 and 1988.

6.   This Court has supplemental jurisdiction over the relevant state law claims pursuant to 28 U.S.C. § 1367.

7.   This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

## VENUE

8.   Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b), as Defendants are residents and/or political subdivisions of this state and district, and the acts or occurrences giving rise to the within claims occurred in this district.

## PARTIES

9.   Sandra Rosenthal-Kaplon ("Mrs. Kaplon") and Michael Kaplon ("Mr. Kaplon") (collectiviely referred to as "Plaintiffs") are individuals who reside in Harvey Cedars, Ocean County, New Jersey.

10. Defendant, Township of Harvey Cedars, is a municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey and at all times relevant hereto maintained a police department and had the duty to exercise its powers and authority over the police department and to provide training,

supervision and/or overall management of the Harvey Cedars Township Police Department pursuant to N.J.S.A. 40A:14-118, et seq.

11. Defendant, Chief of Police Robert Burnaford (hereinafter "Chief Burnaford") was at all times relevant hereto the Chief of Police of the Harvey Cedars Township Police Department and was responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of Harvey Cedars pursuant to N.J.S.A. 40A:14-118, et seq., as set forth in greater detail below. Chief Anthony Burnaford is named in both his official and individual capacities.

12. Defendant, Harvey Cedars Officer Abbatemarco, (hereinafter "Abbatemarco") was at all times relevant hereto an officer in the Harvey Cedars Township Police Department and was responsible for upholding and enforcing the law and maintaining the peace in the Township of Harvey Cedars. At all times relevant herein, Abbatemarco was the arresting officer and was responsible for causing a false report to be filed, official misconduct, assaulting, harassing, and causing severe and permanent personal injury to Plaintiffs as set forth in greater detail below. Abbatemarco is named in both his official and individual capacities.

13. Defendant, Harvey Cedars Sergeant Steve Frazee, (hereinafter "Sergeant Frazee") was at all times relevant hereto a Sergeant in the

Harvey Cedars Township Police Department and was responsible for upholding and enforcing the law and maintaining the peace in the Township of Harvey Cedars.  At all times relevant herein, Sergeant Frazee was responsible for causing a false report to be filed, official misconduct, assaulting, harassing assaulting, harassing, and causing severe and permanent personal injury to Plaintiffs as set forth in greater detail below.  Sergeant Frazee is named in both his official and individual capacities.

14. Defendant, Harvey Cedars Police Officer D'Andrea, (hereinafter "D'Andrea") was at all times relevant hereto an officer in the Harvey Cedars Township Police Department and was responsible for upholding and enforcing the law and maintaining the peace in the Township of Harvey Cedars.  At all times relevant herein, D'Andrea was the arresting officer and was responsible for causing a false report to be filed, official misconduct, assaulting, harassing assaulting, harassing, and causing severe and permanent personal injury to Plaintiffs as set forth in greater detail below.  D'Andrea is named in both his official and individual capacities.

15. Defendant, Township of Long Beach, is a municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey and at all times relevant hereto maintained a police department and had the duty to exercise its powers and authority over the police department

5

and to provide training, supervision and/or overall management of the Long Beach Township Police Department pursuant to N.J.S.A. 40A:14-118, et seq.

16. Defendant, Chief of Police Kevin Mahon (hereinafter "Chief Mahon") was at all times relevant hereto the Chief of Police of the Long Beach Township Police Department and was responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of Long Beach pursuant to N.J.S.A. 40A:14-118, et seq., as set forth in greater detail below. Defendant Chief Kevin Mahon is named in both his official and individual capacities.

17. Defendant, Chief of Police Anthony Deely (hereinafter "Chief Deely") was at all times relevant hereto the Chief of Police of the Long Beach Township Police Department and was responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of Long Beach pursuant to N.J.S.A. 40A:14-118, et seq., as set forth in greater detail below. Defendant Chief Anthony Deely is named in both his official and individual capacities.

18. Defendant, Lieutenant Edward F. Bernhard of the Long Beach Police Department (hereinafter "Lieutenant Bernhard") was at all times relevant hereto a Lieutenant in the Long Beach Township Police

Department and was responsible for upholding and enforcing the law and maintaining the peace in the Township of Long Beach.  At all times relevant herein, Lieutenant Bernhard was responsible for causing a false report to be filed, official misconduct, assaulting, harassing assaulting, harassing, and causing severe and permanent personal injury to Plaintiffs as set forth in greater detail below.  Defendant Lieutenant Bernhard is named in both his official and individual capacities.

19. Defendant, Melody Bernhard ("Mrs. Bernhard"), is the spouse of Lieutenant Bernhard, is an individual who resides in Harvey Cedars Township, Ocean County, New Jersey.  At all times relevant herein, Mrs. Bernhard was responsible for the causing a false report to be filed, and the injuries sustained by the Plaintiffs as set forth in greater detail below.  Mrs. Bernhard is named in her individual capacity.

20. Defendant John Does 1-10 are fictitious persons/law enforcement officers whose identifies are unknown at this time, and at all times relevant hereto were responsible for: (1) the response, investigation and/or enforcement of the laws within the Township of Long Beach and the Township of Harvey Cedars, and/or (2) were responsible for the training, supervision and/or management of the Township of Long Beach and the Township of Harvey Cedars officers named herein, and/or (3) were responsible for an internal affairs investigation of the officers named herein.  At such time as their identities become known,

this complaint will be amended to name the known persons. Defendants

John Doe 1-10 are named in both their official and individual capacities.

## FACTS COMMON TO ALL COUNTS

21. On or about March 18, 2021, Mr. Kaplon was driving in the Borough of Harvey Cedars in the area of Long Beach Boulevard.

22. At that time, he observed the operator of an SUV driving in a dangerous manner and violating numerous traffic laws, including but not limited to: (1) speeding; (2) improper lane change; (3) failure to keep right; (4) tailgating; (5) careless driving; and (6) reckless driving.

23. Shortly after, Mr. Kaplon observed the offending vehicle pulling into the driveway of 2 Buckingham Avenue in Harvey Cedars.

24. Given the erratic driving he had observed, Mr. Kaplon stopped his vehicle in front of the home, and asked the driver (later identified as Lieutenant Edward F. Bernhard of the Long Beach Police Department) if there was an emergency with which he needed assistance.

25. After a brief exchange, Bernhard advised Mr. Kaplon that he was a police officer in the Long Beach Police Department. Mr. Kaplon told Bernhard that he would be filing a complaint with the Long Beach Police Department given his erratic and dangerous driving.

26. Mr. Kaplon then drove back to his home just a few blocks away.

27. After Mr. Kaplon parked his car, he realized that he would need photographic evidence to establish that Bernhard was the operator of the vehicle that he observed driving erratically.

28. Mr. Kaplon left his home and walked back to Bernhard's home at 2 Buckingham Avenue in Harvey Cedars. Once Mr. Kaplon arrived, he walked on the public street near Bernhard's home and photographed Bernhard's license plate and rear of the vehicle so that he could document and file an accurate complaint against Bernhard with the Long Beach Police Department.

29. As Mr. Kaplon was taking the photograph of Lieutenant Bernhard's vehicle in connection with his civilian complaint, Lieutenant Bernhard's wife, Melody Bernhard, walked outside and confronted Mr. Kaplon.

30. During their interaction, Mr. Kaplon advised Melody Bernhard multiple times that he did not wish to speak with her, but instead of leaving him alone, Mrs. Bernhard continued to engage with Mr. Kaplon.

31. Mrs. Bernhard demanded that he identify himself and made other spurious allegations that he was a "pervert" trying to photograph their children (who were inside the home and nowhere remotely close to Mr. Kaplon).

32. During their interaction, Mr. Kaplon remained respectful and did not use any foul language with Mrs. Bernhard, nor did he make any threats or any statements that can even arguably constitute harassment.

9

33. Following his interaction with Mrs. Bernhard on March 18, 2021, Mr. Kaplon began to walk back to his home a few blocks away.

34. While walking home, Mr. Kaplon was stopped by Harvey Cedars Officers Abbatemarco and Officer D'Andrea, who questioned him about his interaction at the Bernhard residence.

35. Mr. Kaplon advised the officers that he did not wish to answer their questions and continued walking home.

36. Later that afternoon, Officer Abbatemarco and Officer D'Andrea showed up at Mr. Kaplon's home in Harvey Cedars unannounced, again questioning him about his interaction with Mrs. Bernhard.

37. Mr. Kaplon explained that he observed Lieutenant Bernhard driving erratically, stopped briefly in front of his driveway to confront him about his erratic driving, went home to park his car, and walked back to photograph Bernhard's vehicle to document it for his planned Internal Affairs complaint with the Long Beach Police Department.

38. After questioning Mr. Kaplon on March 18, 2021, Officers Abbatemarco and D'Andrea advised him that "we're not yelling at you for taking pictures."

39. Officer Abbatemarco went on to state that Mr. Bernhard may file a citizen's complaint against Kaplon in the Municipal Court, but that the Harvey Cedars Police Department was not going to charge him, because according to Abbatemarco "that's between you guys."

40. Mr. Kaplon asked Officer Abbatemarco a pointed question: "are you going to be charging me with harassment?" to which Abbatemarco responded "No, we're not."

41. At that point, Mr. Kaplon asked the officers to leave his property.

42. Before leaving Officer Abbatermarco called Mr. Kaplon a "F***ing idiot."

43. It is important to note that all of Mr. Kaplon's alleged conduct occurred on a public roadway, and was constitutionally protected First Amendment activity.

44. According to the police report prepared by Sergeant Steve Frazee, dated March 22, 2021 (4 days after the interaction between Kaplon and Bernhard), Frazee and Abbatemarco spoke with Ms. Bernhard on March 22, 2021.

45. Despite having advised Kaplon that no charges would be filed against him by the Harvey Cedars Police Department on March 18, 2021, Officer Abbatemarco apparently had a change of heart and on March 22, 2021 "spoke with Assistant Prosecutor Sheehan and advised him of the situation."

46. However, Officer Abbatemarco told a half-truth when he failed to disclose that he had observed exculpatory evidence in the form of pictures and videos from his March 18, 2021 investigation which led him to declare that "no crime was committed" on the same date.

11

47. According to the report, "Assistant Prosecutor Sheehan stated to charge Michael Kaplon with Harassment." Following their alleged consultation with Assistant Prosecutor Sheehan, Sgt. Frazee and Officer Abbatemarco went to Mr. Kaplon's home to arrest him for Harassment – a petty disorderly persons offense.

48. To make matters worse, Officer Abbatemarco did not arrive at the front door of the Plaintiffs, but instead, attempted to enter the home through a private patio on the second floor. He banged on the patio door to the living area of the house.

49. Sergeant Frazee and Abbatemarco did not bother to obtain a warrant before going to Mr. Kaplon's home to arrest him.

50. When the officers arrived at Mr. Kaplon's home and spoke with Kaplon's mother at the patio door, Mrs. Kaplon asked whether Mr. Kaplon was under arrest, to which question, they responded, we want to "talk" [to Michael Kaplon].

51. Mrs. Kaplon told the officers that she just woke up and did not know if Kaplon was home.

52. At the officers' insistence, she went to check if Mr. Kaplon was home, and the officers claimed that they heard a voice in the garage.

53. Upon threats of arresting Mrs. Kaplon if she did not let them inside (without masks on in the midst of a global pandemic). They pushed Mrs. Kaplon out of the way as she held her hands up in the air surrendering.

12

54. Mrs. Kaplon was 73 years old at the time of this encounter and had no criminal record.

55. Frazee and Abbatemarco egregiously entered Kaplon's home without a warrant or valid consent and took Kaplon into custody for PDP Harassment. Officer Abbatemarco grunted "We'll be back to arrest you later", while facing Mrs. Kaplon.

56. The report prepared by Officer Abbatemarco confirms that these officers fabricated an "exigency" to enter Kaplon's home without a warrant – claiming that "based on the past criminal history of Mr. Kaplon I believed there was exigent circumstances to locate and arrest Mr. Kaplon for the safety of the Officers and himself."

57. Officer Abbatemarco then cited to Mr. Kaplon's prior arrests that had nothing to do with the instant offense (and which did not result in convictions) and a vague reference to alleged statements made by Mr. Kaplon expressing his anger toward the Harvey Cedars Police Department and "Law Enforcement in general."

58. Notably, these supposed concerns were not present when Officer Abbatemarco showed up unannounced at Mr. Kaplon's home on March 18, 2021, and spoke with him on his porch.

59. Abbatemarco unknowingly undermined his own "exigency" analysis when he included in his report that the officers "asked [Mrs. Rosenthal-Kaplon] if we would be able to come inside and check the house" for

13

Mr. Kaplon. If there was truly an exigency, the officers would not have "asked" Mrs. Kaplon for permission to come inside.

60. By all indications, this was a flagrant and calculated violation of Mr. Kaplon's constitutional rights, and "payback" for his attempt to hold Lieutenant Bernhard accountable for his reckless and dangerous driving.

61. After his unlawful arrest inside his own home, and in the absence of a warrant, Mr. Kaplon was ultimately charged with one count of petty disorderly persons Harassment, contrary to N.J.S.A. 2C:33-4(c).

62. When Mr. Kaplon was done being processed, Officer Abbatemarco returned to the Kaplon's residence to arrest Mrs. Rosenthal-Kaplon which was once again done without a warrant by Officer Abbatemarco who claimed that she was under arrest for obstruction. She was double cuffed and placed in the rear of Officer Abbatemarco's patrol vehicle where she was transported to the police station and processed.

63. Mrs. Rosenthal-Kaplon suffered permanent emotional and physical injuries during her interactions with police on this date and seeks an award of money damages for the unnecessary use of force after warrantless entries into her dwelling including punitive damages and other relief.

64. Police also caused property damage inside the house during their unlawful entry into the Kaplon residence (damaged the carpet and a wall inside the house).

65. Plaintiffs served timely Notices of Claim on all parties. Those Notices of Claim were received and acknowledged by the Defendants.

66. Since that time, Plaintiffs have been receiving medical treatment for their injuries. Their injuries are permanent in nature. Accordingly, Plaintiffs' injuries satisfy the verbal threshold under the New Jersey Tort Claims Act, N.J.S.A. 59:9-2(d). Plaintiffs seek, *inter alia*, compensatory damages, exemplary damages, punitive damages, pain and suffering damages, emotional distress and mental anguish damages, equitable relief, attorneys fees, expert fees, professional fees, medical treatment reimbursement and any other relief that the Court deems fair and just.

## **FIRST COUNT**
### **False Arrest/False Imprisonment**

67. Plaintiffs hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

68. On or about March 22, 2021, Plaintiffs were lawfully inside their home in Harvey Cedars, Ocean County, New Jersey.

69. Despite the lack of any objectively reasonable basis to believe Plaintiffs had engaged in criminal conduct, Plaintiffs were accosted,

assaulted, and falsely arrested and imprisoned by Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10.

70. At all times relevant hereto, Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, acted without just cause and with deliberate indifference for the safety and welfare of Plaintiffs, in violation of Borough and State statutes and guidelines with respect to the use of force.

71. At all times relevant hereto, Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, exercised and abused their authority as law enforcement officers, and acted in bad faith, with actual malice, and/or with wanton and willful disregard for individuals, such as Plaintiffs, who foreseeably may have been harmed by their actions.

72. It was the policy and/or custom of Defendants Chief Mahon, Chief Deely, the Township of Long Beach, Chief Burnaford, and the Township of Harvey Cedars, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

73. As a result of the aggressive and unlawful actions of Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, Plaintiffs was put in fear of his safety and physical wellbeing, and/or was deprived of his liberty and freedom.

16

74. As a direct and proximate result of the aggressive and unlawful actions of Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, Plaintiffs suffered damages and/or damage to their reputations.

75. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Plaintiffs hereby request an award of punitive damages in addition to compensatory and other damages.

**WHEREFORE** Plaintiffs demand judgment against Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, in their individual and official capacities, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## SECOND COUNT
### Unreasonable and Excessive Force

76. Plaintiffs hereby incorporate by reference each and every prior paragraph as if set forth at length herein.

77. On or about March 22, 2021, Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, utilized unreasonable force against Plaintiffs in excess of the force permitted by N.J.S.A.

2C:3-7 and otherwise violated Borough and State statutes and guidelines with respect to the use of force.

78. At all times relevant thereto, Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, utilized unreasonable force against Plaintiffs in excess of the force permitted by N.J.S.A. 2C:3-7, the rules and regulations of the Harvey Cedars Township, the County of Ocean, and/or the guidelines and directives promulgated by the Attorney General of the State of New Jersey.

79. It was the policy and/or custom of Defendants Chief Mahon, Chief Deely, the Township of Long Beach, Chief Burnaford, and the Township of Harvey Cedars, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

80. As a direct and proximate result of the aggressive and unlawful actions of Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, Plaintiffs suffered severe and permanent damages.

81. At all times relevant hereto, Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, exercised and abused their authority as law enforcement officers, and acted in bad faith, with actual malice, and/or with wanton and willful disregard for individuals, such as Plaintiffs, who foreseeably may have been harmed by their actions.

82. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Plaintiffs hereby request an award of punitive damages.

**WHEREFORE** Plaintiffs demand judgment against Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, in their individual and official capacities, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## **THIRD COUNT**
### **Intentional Infliction of Emotional Distress**

83. Plaintiffs hereby incorporate by reference each and every prior paragraph as if set forth at length herein.

84. Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, knew or should have known that their false arrest and use of excessive force against Plaintiffs would cause Plaintiffs to suffer severe emotional distress.

85. The conduct of Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, in arresting and charging Plaintiffs in the absence of probable cause and exerting excessive force, was extreme and outrageous under the circumstances.

19

86. As a direct and proximate result of the extreme and outrageous conduct of Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, Plaintiffs suffered severe emotional distress and damages.

87. The emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it. Plaintiffs still endure distress from this event and will continue to endure in the future.

88. It was the policy and/or custom of Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars,, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

89. Said intentional infliction of emotional distress committed by Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, was carried out with deliberate indifference, actual malice, and/or with a wanton and willful disregard of persons, such as Plaintiffs, who foreseeably might be harmed by Defendants' actions.

90. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Plaintiffs hereby requests an award of punitive damages.

**WHEREFORE** Plaintiffs demand judgment against Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey

20

Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, in their individual and official capacities, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## FOURTH COUNT
### Malicious Assault and Battery

91. Plaintiffs hereby incorporate by reference each and every prior paragraph as if set forth at length herein.

92. On March 22, 2021, Defendants Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, maliciously and intentionally assaulted and battered Plaintiffs by forcibly and unlawfully entering their dwelling and using physical force to arrest the Plaintiffs.

93. Said conduct on the part of Defendants was made without Plaintiffs consent and constituted an invasion of the Plaintiffs' person and dignity.

94. Defendants' malicious assault and battery of Plaintiffs was carried out in violation of  N.J.S.A. 2C:3-7 and otherwise violated Borough and State statutes and guidelines with respect to the use of force.

95. It was the policy and/or custom of Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars,, to condone the actions of their agents, servants and/or

21

employees by virtue of their training, supervision, policies, procedures and/or directives.

96. As a direct and proximate result of the assault and battery committed upon Plaintiffs by the Defendants, Plaintiffs suffered severe and permanent injuries.

97. Pursuant to N.J.S.A. 2A:15-5.11, Plaintiffs hereby request an award of punitive damages.

**WHEREFORE** Plaintiffs demand judgment against Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, in their individual and official capacities, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## **FIFTH COUNT**
### **Assault and Battery**

98. Plaintiffs hereby incorporate by reference each and every prior paragraph as if set forth at length herein.

99. On March 22, 2021, Defendants Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, maliciously and intentionally assaulted and battered Plaintiffs by forcibly handcuffing the Plaintiffs in their home.

22

100.    Said conduct on the part of Defendants was made without instructing Plaintiffs to put his hands behind his back, without Plaintiffs's consent, and constituted an invasion of the Plaintiffs' person and dignity.

101.    Defendants' assault and battery of Plaintiffs was carried out in violation of N.J.S.A. 2C:3-7 and otherwise violated Borough and State statutes and guidelines with respect to the use of force.

102.    It was the policy and/or custom of Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

103.    As a direct and proximate result of the assault and battery committed upon Plaintiffs by the Defendants, Plaintiffs suffered severe and permanent injuries. Plaintiffs seeks all costs associated with the medical treatment caused as a result of the actions taken by Defendants.

   **WHEREFORE** Plaintiffs demand judgment against Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, in their individual and official

capacities, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## SIXTH COUNT

### Negligent Training and Supervision

104.    Plaintiffs hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

105.    Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, have failed to follow proper and lawful policies, procedures and/or guidelines for the use of force by allowing Defendants Lieutenant Bernart, Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, to continue to remain as an officer in the Townships of Long Beach and Harvey Cedars, without charges being brought against them, or an internal affairs investigation being conducted based upon Defendants Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10 for their unlawful conduct.

106.    The Defendants failed to exercise the authority vested in them as law enforcement officers, and/or negligently trained and/or supervised Defendants Lieutenant Bernart, Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10.

107.    As a direct and proximate result of Defendants' negligent training and/or supervision of Defendants Lieutenant Bernart, Sergeant Frazee, Abbatemarco, D'Andrea and/or John Does 1-10, Plaintiffs suffered severe damages.

108.     It was the policy and/or custom of Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

109.    Pursuant to N.J.S.A. 2A:15-5.11, Plaintiffs hereby requests an award of punitive damages.

   **WHEREFORE** Plaintiffs demand judgment against Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, in their individual and official capacities, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## EIGHTH COUNT
### New Jersey Civil Rights Violations

110.     Plaintiffs hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

111.     At all relevant times herein, Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, and the Harvey Cedars Police Department, in their individual and official capacities, deprived, interfered with and/or attempted to interfere with the Plaintiffs' exercise and enjoyment of his substantive due process, equal protection rights, privileges and immunities guaranteed to Plaintiffs under the laws and constitutions of the United States and the State of New Jersey, in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

112.     As a direct and proximate result of Defendants' violations of Plaintiffs' civil rights under N.J.S.A. 10:6-2, Plaintiffs suffered damages.

113.     Said civil rights violations committed by Defendants were committed with actual malice, and/or with wanton disregard of persons, such as Plaintiffs, who foreseeably might be harmed by Defendants' actions.

114.     It was the policy and/or custom of Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of

26

Harvey Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

115.    Pursuant to N.J.S.A. 2A:15-5.11, Plaintiffs hereby request an award of punitive damages.

**WHEREFORE** Plaintiffs demand judgment against Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, in their individual and official capacities, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## NINTH COUNT
### 42 U.S.C. § 1983 Violations

116.    Plaintiffs hereby incorporate by reference each and every prior paragraph as if set forth at length herein.

117.    At all relevant times herein, Defendants At all relevant times herein, Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart,, Chief Burnaford, in their individual and official capacities, in their individual and official capacities, the Township of Long Beach, and the Township of Harvey Cedars, under color of state or local law, subjected

27

and/or caused and/or allowed Plaintiffs to be deprived of his constitutional rights, privileges, and/or immunities.

118.    At all relevant times herein, Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart,, Chief Burnaford, in their individual and official capacities, the Township of Long Beach, and the Township of Harvey Cedars, violated Plaintiffs' civil rights by falsely arresting Plaintiffs in the absence of probable cause, using excessive force in violation of Borough and State statutes and guidelines, intentionally causing Plaintiffs emotional distress, maliciously abusing process, tortiously interfering with Plaintiffs' economic advantage, negligently training and/or supervising the employees of Defendants, all with deliberate indifference to Plaintiffs and in violation of the 4th and 14th Amendments to the United States Constitution.

119.    As a direct and proximate result of Defendants' violations of Plaintiffs' civil rights, guaranteed to him by 42 U.S.C. § 1983 and the 4th and 14th Amendments to the United States Constitution, Plaintiffs suffered damages.

120.    It was the policy and/or custom of Defendants Defendants Chief Mahon, Chief Deely, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars,, to condone the actions of their agents, servants and/or employees by

virtue of their training, supervision, policies, procedures and/or directives.

**WHEREFORE** Plaintiffs demand judgment against Defendants Chief Mahon, Chief Deely, Lieutenant Bernhart, the Township of Long Beach, the Long Beach Police Department, Chief Burnaford, the Township of Harvey Cedars, Harvey Cedars Police Department, Officers Abbatemarco, D'Andrea, Sergeant Frazee and/or John Does 1-10, in their individual and official capacities, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

Dated: March 18, 2023             _/s/Adamo Ferreira_____
                                  ADAMO FERREIRA, ESQ LLC
                                  85 MAIN STREET, SUITE 305
                                  HACKENSACK, NEW JERSEY 07601
                                  NJ ATTORNEY ID NO.: 018062006
                                  (201) 248-3058 (direct dial)
                                  (201) 343-1233 (fax)
                                  ferreiad@gmail.com (email)

### DEMAND FOR TRIAL BY JURY

Plaintiffs makes a demand for trial by jury of all issues.

Dated: March 18, 2023

                                  _/s/Adamo Ferreira_____
                                  ADAMO FERREIRA, ESQ LLC
                                  85 MAIN STREET, SUITE 305
                                  HACKENSACK, NEW JERSEY 07601
                                  NJ ATTORNEY ID NO.: 018062006
                                  (201) 248-3058 (direct dial)
                                  (201) 343-1233 (fax)
                                  ferreiad@gmail.com (email)

## <u>CERTIFICATION</u>

The undersigned hereby certifies that no other action based upon the facts herein is pending in any other court in any jurisdiction.


Dated: March 18, 2023

 _/s/Adamo Ferreira_____
ADAMO FERREIRA, ESQ LLC
85 MAIN STREET, SUITE 305
HACKENSACK, NEW JERSEY 07601
NJ ATTORNEY ID NO.: 018062006
(201) 248-3058 (direct dial)
(201) 343-1233 (fax)
ferreiad@gmail.com (email)