Michael J. McKenna, Esq.
Attorney ID #000781991
HIERING, GANNON, and McKENNA
29 Hadley Avenue
Toms River, NJ 08753
732-349-1800
Attorneys for Defendants, Township of Harvey Cedars, Harvey Cedars Police Dept., Chief of Police Robert Burnaford, Sgt Frazee, Officer Abbatemarco, Officer D'Andrea

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL KAPLON and SANDRA ROSENTHAL-KAPLON | Case No.: 3:23-cv-01611-ZNQ-DEA |
| Plaintiff(s), | Civil Action |
| vs. | |
| HARVEY CEDARS TOWNSHIP, HARVEY CEDARS POLICE DEPARTMENT, CHIEF OF POLICE ROBERT BURNAFORD, SERGEANT FREZEE OF THE HARVEY CEDARS TOWNSHIP POLICE, POLICE OFFICER ABBATEMARCO OF THE HARVEY CEDARS POLICE DEPARTMENT, POLICE OFFICER D'ANDREA OF THE HARVEY CEDARS DEPARTMENT, LONG BEACH TOWNSHIP, LONG BEACH TOWNSHIP POLICE DEPARTMENT, LONG BEACH TOWNSHIP CHIEFS OF POLICE, MAHON AND DEELEY, LIEUTENANT BERNART OF THE LONG BEACH TOWNSHIP POLICE, MELODY BERNART, And JOHN DOES 1-10, | **ANSWER, SEPARATE DEFENSES, AND DESIGNATION OF TRIAL COUNSEL** |
| Defendant(s) | |

Defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea by way of Answer to plaintiff's Complaint, says:

1

## STATEMENT OF CLAIMS

1. The defendants admit that the plaintiffs are bringing said claims but deny that the plaintiffs are entitled to relief.

2. The defendants deny the allegations contained in this paragraph.

3. The defendants admit that the plaintiffs are bringing said claims but deny that the plaintiffs are entitled to relief.

4. The defendants admit that a Notice of Tort Claim was served in a timely manner.

## JURISDICTION

5. The defendants admit that the Court has jurisdiction.

6. The defendants admit that the Court has supplemental jurisdiction.

7. The defendants admit that the plaintiffs have brought this action pursuant to 42 U.S.C. Section 1983.

## VENUE

8. The defendants admit that venue is appropriate.

## PARTIES

9. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

10. The defendants admit the allegations contained in this paragraph. [Note: The proper name of the municipality is the Borough of Harvey Cedars.]

11. The defendants admit that Robert Burnaford was at all times relevant hereto the Chief of Police of the Harvey Cedars Police Department. The defendants also admit that Chief Burnaford was responsible for the operation and management of the police department and for the enforcement of laws within the Borough.

12. The defendants admit that Anthony Abbatemarco was a police officer employed by the Borough of Harvey Cedars. The remaining allegations contained in this paragraph are denied.

13. The defendants admit that Steve Frazee was and is a Sergeant with the Borough of Harvey Cedars Police Department. The remaining allegations contained in this paragraph are denied.

14. The defendants admit Nicholas A. D'Andrea was and is a Police Officer employed by the Borough of Harvey Cedars. The remaining allegations contained in this paragraph are denied.

15. The allegations contained in this paragraph do not pertain to the defendants and therefore, no response is made.

16. The allegations contained in this paragraph do not pertain to the defendants and therefore, no response is made.

17. The allegations contained in this paragraph do not pertain to the defendants and therefore, no response is made.

18. The allegations contained in this paragraph do not pertain to the defendants and therefore, no response is made.

19. The allegations contained in this paragraph do not pertain to the defendants and therefore, no response is made.

20. The allegations contained in this paragraph do not pertain to the defendants and therefore, no response is made.

**FACTS COMMON TO ALL COUNTS**

21. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

22. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

23. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

24. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

25. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

26. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

27. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

28. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

29. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

30. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

31. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

32. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

33. The defendants are without sufficient information or belief to admit or deny the

allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

34. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

35. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

36. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

37. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

38. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

39. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

40. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

41. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

42. The defendants deny the allegations contained in this paragraph.

43. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

44. The defendants admit the allegations contained in this paragraph.

45. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

46. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

47. The defendants admit that the quote from the report is correct. As to the remaining allegations, the defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

48. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

49. The defendants admit that the officers did not obtain an arrest warrant.

50. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

51. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

52. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

53. The defendants deny that the officers threatened or "pushed" Mrs. Rosenthal-Kaplon.

54. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

55. The defendants deny the allegations contained in this paragraph.

56. The defendants deny the allegations contained in this paragraph.

57. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

58. The defendants are without sufficient information or belief to admit or deny the

allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

59. The defendants deny the allegations contained in this paragraph.

60. The defendants deny the allegations contained in this paragraph.

61. The defendants deny that the arrest was unlawful.

62. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

63. As to the plaintiff's alleged injuries, the defendants are without sufficient knowledge to admit or deny the allegations and therefore leave the plaintiff to her proofs. The defendants deny the remaining allegations contained in this paragraph.

64. The defendants deny the allegations contained in this paragraph.

65. The defendants admit that Notices of Tort Claim were served.

66. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs. The defendants admit that the plaintiffs are seeking damages but deny that there is a valid cause of action.

### FIRST COUNT
**False Arrest/False Imprisonment**

67. The defendants incorporate by reference all of their prior responses as if set forth at length herein.

68. The defendants are without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore leave the plaintiffs to their proofs.

69. The defendants deny the allegations contained in this paragraph.

70. The defendants deny the allegations contained in this paragraph.

71. The defendants deny the allegations contained in this paragraph.

72. The Harvey Cedars defendants deny the allegations contained in this paragraph.

73. The defendants deny the allegations contained in this paragraph.

74. The defendants deny the allegations contained in this paragraph.

75. The defendants deny the allegation that an award of damages is appropriate.

**WHEREFORE** the defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea demand judgment dismissing Count One of the Complaint, together with attorney's fees and costs of suit.

## SECOND COUNT
**Unreasonable and Excessive Force**

76. The defendants incorporate by reference all of their prior responses as if set forth at length herein.

77. The defendants deny the allegations contained in this paragraph.

78. The defendants deny the allegations contained in this paragraph.

79. As to the Harvey Cedars defendants, the allegations contained in this paragraph are denied.

80. The defendants deny the allegations contained in this paragraph.

81. The defendants deny the allegations contained in this paragraph.

82. The defendants deny the allegation that an award of damages is appropriate.

**WHEREFORE** the defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea demand judgment dismissing Count Two of the Complaint, together with attorney's fees and costs of suit.

## THIRD COUNT
### Intentional Infliction of Emotional Distress

83. The defendants incorporate by reference all of their prior responses as if set forth at length herein.

84. The defendants deny the allegations contained in this paragraph.

85. The defendants deny the allegations contained in this paragraph.

86. The defendants deny the allegations contained in this paragraph.

87. The defendants deny the allegations contained in this paragraph.

88. The Harvey Cedars defendants deny the allegations contained in this paragraph.

89. The defendants deny the allegations contained in this paragraph.

90. The defendants deny the allegation that an award of damages is appropriate.

**WHEREFORE** the defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea demand judgment dismissing Count Three of the Complaint, together with attorney's fees and costs of suit.

## FOURTH COUNT
### Malicious Assault and Battery

91. The defendants incorporate by reference all of their prior responses as if set forth at length herein.

92. The defendants deny the allegations contained in this paragraph.

93. The defendants deny the allegations contained in this paragraph.

94. The defendants deny the allegations contained in this paragraph.

95. The Harvey Cedars defendants deny the allegations contained in this paragraph.

96. The defendants deny the allegations contained in this paragraph.

97. The defendants deny the allegation that an award of damages is appropriate.

**WHEREFORE** the defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea demand judgment dismissing Count Four of the Complaint, together with attorney's fees and costs of suit.

## FIFTH COUNT
### Assault and Battery

98. The defendants incorporate by reference all of their prior responses as if set forth at length herein.

99. The defendants deny the allegations contained in this paragraph.

100. The defendants deny the allegations contained in this paragraph

101. The defendants deny the allegations contained in this paragraph.

102. The Harvey Cedars defendants deny the allegations contained in this paragraph.

103. The defendants deny the allegations contained in this paragraphed

**WHEREFORE** the defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea demand judgment dismissing Count Five of the Complaint, together with attorney's fees and costs of suit.

## SIXTH COUNT
### Negligent Training and Supervision

104. The defendants incorporate by reference all of their prior responses as if set forth at length herein.

105. The Harvey Cedars defendants deny the allegations contained in this paragraph.

106. The Harvey Cedars defendants deny the allegations contained in this paragraph.

107. The defendants deny the allegations contained in this paragraph

108. The Harvey Cedars defendants deny the allegations contained in this paragraph.

109. The defendants deny the allegation that an award of damages is appropriate.

**WHEREFORE** the defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea demand judgment dismissing Count Six of the Complaint, together with attorney's fees and costs of suit.

## SEVENTH COUNT

There is no Seventh Count in the Complaint.

## EIGHTH COUNT
### New Jersey Civil Rights Violations

110. The defendants incorporate by reference all of their prior responses as if set forth at length herein.

111. The Harvey Cedars defendants deny the allegations contained in this paragraph.

112. The defendants deny the allegations contained in this paragraph.

113. The defendants deny the allegations contained in this paragraph.

114. The Harvey Cedars defendants deny the allegations contained in this paragraph.

115. The defendants deny the allegation that an award of damages is appropriate.

**WHEREFORE** the defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea demand judgment dismissing Count Eight of the Complaint, together with attorney's fees and costs of suit.

## NINTH COUNT
### 42 U.S.C. §1983 Violations

116. The defendants incorporate by reference all of their prior responses as if set forth at length herein.

117. The Harvey Cedars defendants deny the allegations contained in this paragraph.

118. The Harvey Cedars defendants deny the allegations contained in this paragraph.

119. The defendants deny the allegations contained in this paragraph.

120. The Harvey Cedars defendants deny the allegations contained in this paragraph.

**WHEREFORE** the defendants, Borough of Harvey Cedars, Harvey Cedars Police Department, Chief Robert Burnaford, Officer Anthony Abbatemarco, Sergeant Steve M. Frazee, Officer Nicholas A. D'Andrea demand judgment dismissing Count Nine of the Complaint, together with attorney's fees and costs of suit.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The plaintiff's claims are barred by the Statute of Limitations or are otherwise time-barred.

### THIRD SEPARATE DEFENSE

At all times mentioned in the Complaint, any and all actions or omissions of the defendant that relate in any way to plaintiff's alleged damages involved decisions of the defendant within the area of non-actionable governmental discretion. Therefore, the defendants are not liable to the plaintiffs.

### FOURTH SEPARATE DEFENSE

The defendants acted in good faith and are immune from any liability to the plaintiffs.

### FIFTH SEPARATE DEFENSE

The defendants are entitled to qualified immunity.

### SIXTH SEPARATE DEFENSE

The defendants are entitled to absolute immunity.

### SEVENTH SEPARATE DEFENSE

The defendants were acting in accordance with clearly established standards. Therefore, the defendants are not liable to the plaintiffs.

### EIGHTH SEPARATE DEFENSE

The defendants acted reasonably and within the boundaries of their lawful authority.

### NINTH SEPARATE DEFENSE

The defendants, at no time pertinent to the allegations contained within plaintiff's Complaint, acted intentionally, knowingly and maliciously in such a manner so as to cause the injuries alleged by the plaintiffs.

### TENTH SEPARATE DEFENSE

The defendants acted reasonably and properly in the exercise of their duties.

### ELEVENTH SEPARATE DEFENSE

The defendants were not negligent, and their actions were reasonable and necessary in order to protect them and/or other persons.

### TWELFTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:3-2, as to the absence of liability for injuries resulting from the exercise of judgment or discretion.

### THIRTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:3-3, as to the absence of liability for injuries resulting from execution or enforcement of any law.

### FOURTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:3-5, as to the absence of liability for injuries caused by the failure to adopt or enforce any law.

### FIFTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:3-7, as to the absence of liability for injuries caused by the failure to inspect.

### SIXTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:8-1 through N.J.S.A. 59:8-7, regarding the plaintiff's failure to provide an adequate notice of claim.

### SEVENTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:8-8 through N.J.S.A. 59:8-11, regarding the plaintiff's failure to timely and properly present a notice of claim.

### EIGHTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:9-1 and N.J.S.A. 59:9-2, concerning conditions of suit and judgment.

### NINETEENTH SEPARATE DEFENSE

The plaintiff's Complaint is barred by the doctrine of collateral estoppel.

### TWENTIETH SEPARATE DEFENSE

The defendants hereby reserve the right to interpose such other defenses and objections as continuing discovery may disclose.

### TWENTY-FIRST SEPARATE DEFENSE

The remedies sought by plaintiffs are not justified.

### TWENTY-SECOND SEPARATE DEFENSE

The negligence of the plaintiffs or other persons or parties was greater than any negligence of the defendants.

### TWENTY-THIRD SEPARATE DEFENSE

The defendants invoked the provisions of the Comparative Negligence Law to reduce, eliminate, or otherwise ameliorate the claims against the defendants.

### TWENTY-FORTH SEPARATE DEFENSE

The defendants did not act intentionally or recklessly.

### TWENTY-FIFTH SEPARATE DEFENSE

The defendants did not intend to do the act which allegedly produced emotional distress.

### TWENTY-SIXTH SEPARATE DEFENSE

The defendants did not act in deliberate disregard of a high degree of probability that emotional distress would result from his actions.

### TWENTY-SEVENTH SEPARATE DEFENSE

The defendant's conduct was not extreme or outrageous.

### TWENTY-EIGHTH SEPARATE DEFENSE

The defendant's conduct was not such as to exceed all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

### TWENTY-NINTH SEPARATE DEFENSE

The defendant's actions were not the proximate cause of any emotional distress.

## CLAIM FOR CONTRIBUTION

While denying liability to the Plaintiffs, in the event that the answering defendants are adjudged to be negligent, the defendants alleges that the co-defendants, if any, were negligent and such negligence proximately contributed to the occurrences complained of and the damages alleged in the Complaint and this answering defendants demand proportionate contribution under the Comparative Negligence Act N.J.S.A. 2:A:15-5.3, and/or the Joint Tortfeasors Contribution Act N.J.S.A., 2A:53A-1, et seq., from the co-defendants, if any.

## CROSS-CLAIM FOR INDEMNIFICATION

While denying liability to the plaintiffs if judgment is recovered by the plaintiffs against these defendants, it is hereby asserted that the acts and injuries and damages alleged by the plaintiffs was caused by or arose out of the primary negligence of the co-defendants, and that the said co-defendants should indemnify and save harmless these defendants.

## ANSWER TO CROSS-CLAIMS

The defendants deny any and all allegations contained within the Cross-claims for contribution or indemnification in the within matter.

## DEMAND FOR SPECIFICATION OF DAMAGES

The defendants hereby demand that the plaintiffs specify the amount of damages sued for in the Complaint.

## DEMAND FOR JURY TRIAL

The defendants demand a trial by jury as to all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Michael J. McKenna, Esq., is hereby designated as trial counsel in the above-captioned litigation on behalf of Hiering, Gannon, and McKenna.

## **CERTIFICATION**

I hereby certify that the within matter is not the subject of any other action pending in any court or of a pending arbitration proceeding. All known parties to be joined in this action are joined. I also certify that the within Answer and Separate Defenses are served within the time prescribed by the Rules of Court.

                                    HIERING, GANNON, and McKENNA
                                    Attorneys for Defendants, Township of Harvey Cedars
                                    Harvey Cedars Police Department, Chief Robert Burnafort,
                                    Sgt. Frazee, Officer Abbatemarco, Officer M'Andrea

                        By:     _____
                                  MICHAEL J. McKENNA

Dated:   June 13, 2023