LAW OFFICE OF
# ADAMO FERREIRA, ESQ. LLC
85 MAIN STREET, SUITE 305
HACKENSACK, NJ 07601
201-343-1171 (Office)
201-343-1233 (Fax)

Member of the NJ & NY bar
NJ bar no.: 018062006
NY atty no.: 4538120

January 9, 2024

**VIA ECF**
Magistrate Judge Douglas E. Arpert U.S.M.J.
U.S. District Court
District of New Jersey – Trenton
402 E State Street
Trenton, New Jersey 08608

      **RE:** **Michael Kaplon vs. Harvey Cedars Police Department, et al.**
            **Docket No.: 3:23-cv-01611-ZNQ-DEA**
            **Joint Status Letter**

Your Honor:

As you may know, I represent the Plaintiff(s), Michael Kaplon and Sandra Rosenthal Kaplon, in the above referenced matter. In anticipation of the status conference set for January 16, 2023, at 10:00a.m., please accept this joint letter regarding the status of the matter.

**On Behalf of the Plaintiff(s):**

The Parties have exchanged Rule 26 disclosures as of July 2023. The fact discovery end date is March 1, 2024.

Plaintiffs' discovery demands were served on the Defendant(s) on or about August 14, 2023. Plaintiff(s) have responded to all interrogatories and demands for the production of documents. Defendant(s) have not yet provided responses to Plaintiffs' discovery demands. On November 27, 2023, counsel for the Long Beach Defendant(s) stated that we should have discovery answers "sooner rather than later. Just waiting on a few certifications." On December 23, 2023, counsel for

the Harvey Cedars Defendant(s) stated, "although your discovery demands have been provided to our client, they have not yet been answered. Since October, I have been involved with a binding arbitration in a complex construction case, which has demanded a great deal of time (the arbitration is ongoing). For those reasons, we expect to be providing our discovery responses by mid-January." As of the date of this letter, Plaintiff(s) do not have written discovery answers from Defendant(s).

Plaintiff(s) have requested the scheduling of depositions, but Defendant(s) have yet to provide a convenient time for same. On November 27, 2023, notice to take depositions were served on counsel for Defendant(s) attempting to schedule Depositions for Police Lieutenant Bernhart, Police Sargeant Frezee, and Police Officer Abbatemarco. The notice of depositions were scheduled for December 27, 2023, but that counsel for the Defendant(s) were unavailable due to a vacation conflict. Counsel for Defendant(s) responded by promising to schedule the Depositions in January once the witnesses' schedules were available. Plaintiff(s) still await Defendant's availability.

As an update to the municipal court matter associated with this action, Your Honor should be made aware that the State's request to stay the municipal court's trial (State v. Michael Kaplon, S-2021-000010-1509) has been granted. See municipal court order attached hereto. The municipal court seeks guidance from this court. Plaintiff(s) has appealed this decision, but as it stands now, the criminal trial has been stayed indefinitely. Plaintiff(s) believe that it is unconstitutional to stay a criminal matter in favor of a civil trial because it is affecting his constitutional right to a speedy trial. These circumstances create an unusual procedural posture and greatly affect this matter in so far as, Plaintiff(s) will be unable to assert that they received a favorable outcome in the underlying case which caused the filing of this complaint. If this Court was inclined to offer guidance to the municipal court judge, Plaintiff(s) submit that Your Honor should direct the municipal court to conduct a trial as soon as possible prior to March 1, 2024. Otherwise, this Court will be constrained to obey an incorrect decision of the municipal court. Plaintiff(s) have no other choice but to insist upon maintaining the current discovery dates without extensions to discovery due dates.

Plaintiff(s) have settled with co-defendant, Melody Bernhart. The settlement documents are being circulated and will be provided upon full execution.

**On Behalf of the Defendants:**

Borough of Harvey Cedars Defendants. I am respectfully requesting the Court to extend the discovery deadline 45-60 days. The Harvey Cedars defendants owe discovery responses. Although of course this case is as important as any other case we are handling, it is true that I have been involved in ongoing binding arbitration in a complex construction case since October, which has demanded a great deal of my time. The testimonial portion of the arbitration concluded on January 3, 2024, and final motions and submissions will be made in January and February. Presently there are no other attorneys here to assist with the litigation. I thank Your Honor in advance for your consideration of this request. [Michael J. McKenna, Esq.]

Long Beach Township Defendants. Michael S. Nagurka, Esq., attorney for the Long Beach defendants, has circulated an email dated January 9, 2024, indicating that he will be providing his clients' certified interrogatory answers tomorrow. [Michael J. McKenna, Esq.]

Thank you for your consideration of the within. Should you need anything further, please do not hesitate to contact any of the attorneys in this matter.

    Respectfully submitted

    /s/ Adamo Ferreira

    Adamo Ferreira

| | |
|---|---|
| **STATE OF NEW JERSEY**<br>*Plaintiff,*<br><br>v.<br><br>**MICHAEL H. KAPLON,**<br>*Defendant.* | **LAKEWOOD TOWNSHIP MUNICIPAL COURT**<br><br>**SUMMONS NOS.:**<br>Harvey Cedars – S-2021-000010-1509<br>S21-2021-2; 3<br>(Transferred to Lakewood)<br><br>**ORDER GRANTING STAY** |

**THIS MATTER** having been opened to the court by way of letter from Municipal Prosecutor Ian Goldman, Esq., on behalf of the State of New Jersey, seeking an indefinite stay of the above captioned criminal and quasi-criminal matters abiding resolution of a related civil action pending in the United States District Court for the District of New Jersey under docket 3:23-cv-01611-ZNQ-DEA; and Dillon J. McGuire, Esq., on behalf of Defendant, having opposed the State's request to stay the above captioned matters on speedy trial grounds, and having cross-applied to set a date certain to try or dismiss the above captioned matters, and good cause otherwise appearing for the entry of this Order;

**IT IS** on this **18TH** day of **DECEMBER 2023**;

**ORDERED** that the State's request to indefinitely stay the above captioned criminal and quasi-criminal matters pending resolution of the federal civil action under docket 3:23-cv-01611-ZNQ-DEA is hereby **GRANTED** over Defendant's objection; and it is further

**ORDERED** that Defendant's cross-application seeking a date certain for the above captioned matters to be tried or dismissed is hereby **DENIED**.

_____
HON. SCOTT J. BASEN, J.M.C.